IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HAROLD BRITTON, on behalf of himself and all other similarly situated employees of DEFENDANT CHAMPION HOMES, INC., | CIVIL ACTION NO. 05-CV-56J |
| Plaintiff, | |
| v. | JUDGE GIBSON |
| CHAMPION HOMES, INC., a corporation, | |
| Defendant. | |

## Memorandum Opinion and Order of Court

**GIBSON, J.**

This matter comes before the Court on the Defendant's Motion for a More Definite Statement Pursuant to Federal Rule of Civil Procedure 12(e) (Document No. 3) and its Brief in Support (Document No. 4). For the reasons stated herein, the Defendant's Motion is denied in part and granted in part.

The Defendant argues that the Plaintiff's Complaint does not comply with Federal Rule of Civil Procedure 23 or Local Rule 23.1 regarding class actions. The Plaintiff argues that it is exempt from these rules because his action is based upon 29 U.S.C. § 216(b), which is the "opt in" class action provision for the Fair Labor Standards Act, while Rule 23 and Local Rule 23.1 concern only the typical "opt out" class actions and are therefore inapplicable.

The Court agrees with the Plaintiff as to his federal claim. Several courts have discussed the

difference between the "opt out" class action provisions in Rule 23 and the "opt in" class action provisions of the Fair Labor Standards Act codified at 29 U.S.C. § 216(b). *See Forsberg v. Pacific Northwest Bell Telephone Co.*, 623 F.Supp. 117, 127 (D.Or. 1985); *Groshek v. Babcock and Wilcox Tubular Product Division*, 425 F.Supp. 232, 233 (D.Wis. 1977); *Lombardi v. Altemose Constr. Co, Inc.*, 69 F.R.D. 410, 411 (E.D.Pa. 1975); *Lachapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 288 (5th Cir. 1975); 2003 WL 21250571 at *5, 9 (E.D.Pa. 2003). The consensus among the courts is that the "opt out" class action procedures and guidelines of Federal Rule of Civil Procedure 23 are not applicable to "opt in" class certification under 29 U.S.C. § 216(b). This Court agrees and also finds that since Local Rule 23.1 is based upon Federal Rule of Civil Procedure 23, it too is inapplicable to § 216(b) "opt in" certifications. As to this argument, the Defendant's motion is denied as the Plaintiff is not required to comply with these rules with respect to his Fair Labor Standards Act claim.

However, an unresolved issue results from the finding above: are the individuals included in the Plaintiff's claims under the Pennsylvania Wage Payment and Collection Law, 43 P.S. §§ 260.1-260.12, and the Pennsylvania Minimum Wage Act, 43 P.S. §§ 333.101-333.115, required to comply with "opt out" certification under Federal Rule of Civil Procedure 23 and Local Rule 23.1 or must they comply with the "opt in" procedures of 29 U.S.C. § 216(b)? The Defendant characterizes the Plaintiff's complaint as being "vague and ambiguous" in regard to the "grounds" and the "vehicle" to be used to certify the class of potential plaintiffs in order to pursue the state law claims. The Court recognizes the potential issues regarding the proper class plaintiffs and also recognizes that courts have been divided over which plaintiffs would be proper class action plaintiffs when federal jurisdiction is based upon a Fair Labor Standards Act claim. *See Lindsay v. Government Employees Insurance Company*, 355

F.Supp.2d 119, 120-121 (D.D.C. 2004) and the cases cited therein. Because of this potential issue, the Court finds it necessary to direct the Plaintiff to amend his complaint within twenty days in order to state the grounds and vehicle to be used to certify the potential class of plaintiffs for the purposes of the state law claims over which this Court is alleged to possess supplemental jurisdiction. This will allow the Defendant to properly evaluate the Plaintiff's claims.

**AND NOW,** this 24th day of February 2006, this matter coming before the Court on the Defendant's Motion for a More Definite Statement Pursuant to Federal Rule of Civil Procedure 12(e) (Document No. 3), IT IS HEREBY ORDERED THAT the motion is DENIED IN PART as to the Defendant's request to comply with Federal Rule of Civil Procedure 23 and Local Rule 23.1 as to the Fair Labor Standards Act claim and GRANTED IN PART as to the request to clarify the ambiguities related to the Plaintiff's claims for class actions under his supplemental state claims; IT IS FURTHER ORDERED THAT the Plaintiff shall amend his complaint to clarify these ambiguities on or before March 16, 2006.

BY THE COURT:

KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE